## EDDY v EDDY

Ohio Appeals, 7th Dist, Monroe Co

Decided Nov 23, 1932

D. W. Jones, Marietta, and Matz & Matz, Woodsfield, for plaintiff in error.

J. G. Devaul, Woodsfield, for defendant in error.

**FARR, J.**

There can be little question but that Eddy was too much addicted to the use of strong drink, and this is indicated not only by the fact of his daughters saying he was intoxicated three times, but that he kept strong drink constantly on hand, and used it quite frequently; and they are corroborated in their statements by the fact that this place in the cellar was prepared, and kept for the storage of cider and beer.

It is not difficult to believe that one who keeps such a place, with such material in it, keeps it for the express purpose of using strong drink, and, keeping it for that purpose, it is not difficult to conclude that he frequently used the same. Therefore, it seems to be fairly well established that the first cause of action in the petition is sustained by sufficient evidence.

The second cause of action is extreme cruelty. On the 6th day of June, Eddy went fishing. He caught a large and a small fish, taking them home. He asked his wife to cook them. She cooked the larger one which seemed to displease him, and, going out on the porch where she was sitting, struck her in the face and said, "If you will remove your glasses, I will smear you right."

He struck her again on the breast where, it is claimed, he struck a pin of some sort and injured his hand. She admits that when he stuck his fist in her face, that she bit his knuckle. One of the daughters going after the cows saw the occurrence, the other daughter being in the house corroborates the fact.

This was conduct unbecoming a husband under such circumstances, and especially in view of the fact that it has been stated by his counsel that Mrs. Eddy is passing through a delicate period of life; that she is highly nervous, and, of course, does not feel well.

This being the fact, the conduct of Mr. Eddy becomes all the more reprehensible, because it is serious enough for a husband to strike his wife when she is in a normal condition, but much more serious and reprehensible if he strikes her when she is ill, and scarcely, so it is said, responsible for her condition.

On the contrary, a dutiful husband would have pursued the pacific course of having said it was all right for her to cook the larger fish, and that it was quite satisfactory to him.

It is claimed that he frequently accused her of being immoral and unchaste, which, if untrue, was certainly extreme cruelty.

It is, also, perhaps well said that if it were not for her condition at the present time, that this divorce would never have been brought.

In view of the conclusion reached and that is that the judgment should be reversed, and the cause remanded, there will be abundant opportunity for this recreant husband to suitably apologize to his invalid wife, and, then, if possible, invite a reconciliation which, of course, is always to be desired under such circumstances.

However, for the reasons given, it follows that the judgment must be reversed, and the cause remanded.

POLLOCK and ROBERTS, JJ, concur in the judgment.