## COBB, Plaintiff-Appellee, v. COBB, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 5729.   Decided February 18, 1958.

King & Gross, George W. Gross, of Counsel, Columbus, for plaintiff-appellee.

Henry A. Reinhard, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court decreeing a divorce and alimony to the wife, Ruth P. Cobb, appellee herein, upon the grounds of gross neglect of duty and extreme cruelty.

The errors assigned are as follows:

(1) The decree and judgment of the trial court is contrary to the manifest weight of the evidence.

(2) The decree and judgment of the trial court is not sustained by sufficient evidence.

(3) The decree and judgment of the trial court is contrary to law.

(4) Abuse of discretion of the trial court preventing defendant-appellant from having a fair trial.

(5) Other errors of law occurring at the trial.

(6) The amount of alimony and child support money ordered by the trial court is excessive.

We have examined the entire record and are of the opinion that the evidence produced on the trial of the cause was sufficient to sustain the court's ruling finding the defendant-appellant guilty of the charges of gross neglect of duty and extreme cruelty. As is usual in cases of this type there was a conflict in the evidence on the gross neglect charge, but on the charge of extreme cruelty the defendant admitted facts which warranted the court's conclusion on this question. The record reveals that the defendant accused the wife of infidelity, claiming that he was not the father of the child born to the plaintiff on July 7, 1956. On cross-examination the defendant admitted his paternity of the child and that the accusations were not well founded. In **Eddy v. Eddy, 14 Abs 277,** the court held it to be extreme cruelty for a husband untruthfully to accuse his wife of being immoral and unchaste. See also Green v. Green, 9 O. Dec. Repr. 564.

Counsel for the appellant laid much stress upon the fact that the plaintiff permitted a gentleman friend to spend the night in her home on two different occasions, after he had abandoned her. There was competent corroborated evidence in the record that on these occasions the guest occupied the bedroom of the fourteen year old daughter of these parties, and the daughter shared a sleeping room with the mother. Whether or not there was any misconduct on the part of the plaintiff upon these occasions was a factual question for the determination of the trial court. In the absence of a special finding of facts it must be presumed that the trial court found facts which supported the judgment; hence, he must have found no misconduct on the part of the wife. We are not the trier of the facts in this case, as the appeal is upon questions of law. Although we might have differed from the trial judge if we were permitted to do so, we are required to support the judgment if there is substantial evidence in the record supporting the factual conclusion upon which the judgment was based.

We are of the further opinion that the evidence supports the court's finding that the defendant was also guilty of gross neglect of duty. However, a finding of guilt on either charge is sufficient to sustain the judgment.

We have examined the other errors assigned and find none to be well taken.

The judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.